## Blume *against* M'Clurken.

If an estate be demised for a term of years, by lease under seal, the rent can be recovered by an action of debt or covenant against the lessee on the privity of contract, or against the assignee of the lessee on the privity of estate; but an action of assumpsit on an implied promise, for use and occupation cannot be maintained under such circumstances.

ERROR to the district court of *Allegheny* county.

This was an action on the case in assumpsit by Samuel M'Clurken for the use of Ralston & Hays and John Caldwell against Frederick Blume. The declaration contained the common money counts, and one for the use and occupation of a house. Plea *non-assumpsit*.

Edward Simpson, Esq., sworn, said M'Clurken was indebted to Ralston & Hays and John Caldwell on judgments; the property was extended; I was about taking possession of the property under a *liberari*. M'Clurken agreed with me, that I might go into possession and receive the rents without a *liberari*. Gerding was in possession; he failed and made an assignment to Frederick Blume, the defendant, who went into possession; he was in possession after October 1, 1839; he occupied it as an oyster-house and drinking establishment; he occupied it as his own; I gave him notice that I considered him liable for rent; he thought he was not liable, being assignee. He (Blume) continued to occupy it as his own. I gave him notice sometime in November or December. Sometime in November or December he took down the shelves and sign. The rent was 450 dollars annually, payable quarterly. There was a barkeeper there; Blume was back and forward. Blume told me that he supplied the house with oysters, &c. He said that Gerding carried off all the money. Blume frequently complained to me of the way Gerding was acting after the assignment; carried on the business for Blume in the hope of paying Blume; instead of making any thing they sunk money. Blume always refused to pay the rent, but he continued in possession.

Cross-examined.—Paper shown. This is the lease from M'Clurken to Gerding. Gerding carried on the establishment for Blume.

. The defendants then gave in evidence a written lease under seal, for the premises, from M'Clurken to Gerding, dated July 21, 1838, for the term of three years, at the annual rent of 400 dollars for the first year, and 450 dollars for each of the last two years.

And also the deed of voluntary assignment by Gerding to Frederick Blume, the defendant, dated September 10, 1839, assign-

[Blume v. M'Clurken.]

ing all his stock and estate, in trust, for the payment of his creditors, which was accepted by the assignee and recorded according to law.

After this evidence had been given, the parties agreed that it should be considered in the nature of a special verdict, upon which the court should enter judgment for the sum of 112 dollars 50 cents, a quarter's rent, if the plaintiff was entitled to recover at all; or otherwise for the defendant.

The defendant then contended: —

1. That the plaintiff cannot recover here, because, from the evidence, there was no express assumpsit, and no implied assumpsit can lie in the name of the landlord against the assignee of the tenant, during the existence of the lease. The only remedy by action of the landlord being on the lease.

2. Blume was assignee of Gerding in trust for creditors, duly recorded, and is only answerable as such; and the action would have been premature even had he been sued as "assignee," he not having had time to settle his accounts. Nor is the claim of the plaintiff at all included in the assignment.

3. Even if the court should be of opinion that Blume was the tenant under Gerding, yet as he was subtenant during the continuance of the lease and interest of Gerding, he is answerable to Gerding and not to the original landlord.

The court below was of opinion that the plaintiffs were entitled to recover and rendered a judgment accordingly.

*Van Amridge,* for plaintiff in error, cited 2 *Whart.* 42.
*M' Candless,* for defendant in error.

PER CURIAM.—It is clear that these equitable plaintiffs can have no remedy in the name of M'Clurken, which M'Clurken could not have had himself. In what relation, then, did he stand to Blume, the defendant? He had demised the premises, by a sealed lease, to Gerding for a term unexpired; and Gerding had assigned it to Blume. M'Clurken's remedy would have been covenant or debt, against Gerding, on the privity of contract; and against Blume, debt or covenant on the privity of estate. Such is the rule laid down in Walker's Case, 3 *Rep.* 22 *b*, and recognized in many modern cases. There could, therefore, be no implication of a promise to M'Clurken, who had leased the estate by specialty to Gerding, *expressum facit cessare tacitum*, and Blume was in under the same lease. Assumpsit for use and occupation is essentially an action *ex contractu;* and as there was no room for the implication of a promise in this instance, the action ought not to have been sustained.

Judgment reversed.